IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF MICHIGAN

| | | |
|---|---|---|
| CONTONNIA MAURICE TURNER, | ) | |
| | ) | |
| PLAINTIFF, | ) | CIVIL ACTION NO. _____ |
| | ) | |
| vs. | ) | |
| | ) | HON. |
| ST. JOSEPH PUBLIC SCHOOLS, | ) | |
| | ) | |
| DEFENDANT. | ) | |
| | ) | |

## COMPLAINT

PLAINTIFF, CONTONNIA M. TURNER, by and through his attorneys, CARLA D. AIKENS, P.L.C., submits the following Complaint and Demand for Trial by Jury against ST. JOSEPH PUBLIC SCHOOLS.

## JURY DEMAND

COMES NOW PLAINTFF, and hereby makes his demand for trial by jury.

## JURISDICTION

1.      At all times relevant to this complaint, PLAINTIFF CONTONNIA M. TURNER was a resident of Berrien, County in the State of Michigan.

2.      DEFENDANT ST. JOSEPH PUBLIC SCHOOLS is a non-profit corporation, which has a place of business at 2580 S. Cleveland Avenue, Saint Joseph, Michigan 49085.

3.      This action is brought in this Court on the basis of federal question jurisdiction, pursuant to Title VII of the Civil Rights Act of 1964, 42 USC 2000e et seq.

4.      Pursuant to 28 U.S.C. §1367, this Court has supplemental jurisdiction over Plaintiff's state law claims.

1

## VENUE

5.      Venue is proper in the Western District of Michigan pursuant to Section 706(f)(3) of Title VII, 42 U.S.C. § 2000e-5(f)(3), because the unlawful employment discrimination giving rise to Plaintiff's claims occurred in this district.

## STATEMENT OF FACTS

6.      Plaintiff began working for the Defendant as Maintenance Technician through a third-party company in or around February 2019.

7.      Plaintiff later began working for Defendant as Maintenance Technician on or around August 2020.

8.      In or around April 2020, the Plaintiff inquired about the opening of the Maintenance Technician position.  Plaintiff's supervisor, a white male, told Plaintiff not to bother applying, as he was going to hire the best and brightest for the position, despite years of experience and education in industrial maintenance.

9.      The supervisor then hired two candidates, both white males, who had no experience and Plaintiff had to train them, though he made less money than they did.

10.      In March 2020, COVID-19 began to spread immensely, and Plaintiff was still required to work his shifts.

11.      Plaintiff made less than his white counterparts.

12.      Defendant would take white employees to golf tournaments and would pay white employees so they did not have to take sick leave or vacation time.

13.      Plaintiff was subjected to different terms of employment because of his race.

14.      Plaintiff made these concerns known to the supervisor, as he was required to work on projects that required more than one person.

2

15.     Mike King, the maintenance director, told Plaintiff to lift a floor cleaner which weighed more than 200 pounds.

16.     When Plaintiff asked King for help, King refused.

17.      Plaintiff injured his back lifting the lift cleaner.

18.     King would also go out of his way to put down and humiliate Plaintiff after he was injured and reported issues, to the point that the environment became hostile.

19.     Two weeks later after the injury, Plaintiff was forced to leave his position because of the mistreatment by Defendant.

20.     On May 3, 2022, Plaintiff filed a charge of discrimination with the EEOC against Defendant.

21.     On March 17, 2023 the EEOC issued Plaintiff a right to sue letter and this lawsuit followed.

## COUNT I
## RETALIATION IN VIOLATION OF TITLE VII

22.     Plaintiff incorporates by reference all allegations in the preceding paragraphs.

23.     At all material times, Defendant was an employer and Plaintiff was an employee covered by, and within the meaning of, Title VII, as amended.

24.     A respondeat superior relationship existed because agents of Defendant had the ability to undertake or recommend tangible decisions affecting Plaintiff and the authority to direct all of Plaintiff's daily work activity.

25.     Defendant's conduct, as alleged herein, violated Title VII which makes it unlawful to harass or retaliate against an employee for engaging in protected activity.

26.     Plaintiff engaged in protected activity, as more fully laid out in the statement of facts, including, but not limited to when Plaintiff protested and reported harassment to human resources.

27.     Defendant, through its agents, had knowledge that Plaintiff engaged in protected behavior because he reported the issue directly to agents of Defendant.

28.     After Plaintiff engaged in protected activity, Defendant's agents thereafter took adverse employment actions against Plaintiff, as alleged in the statement of facts.

29.     Defendant and its agents' unlawful actions were intentional, willful, malicious and/or done with reckless disregard of Plaintiff's rights.

30.     Plaintiff notified Defendant and its agents of the unwelcomed conduct and communication; however, Defendant failed to remedy the same.

31.     As a proximate result of Defendant's discriminatory and retaliatory actions, Plaintiff has suffered losses in compensation, earning capacity, humiliation, mental anguish, and emotional distress.

32.     As a result of those actions and consequent harms, Plaintiff has suffered such damages in an amount to be proved at trial.

33.     Plaintiff requests relief as described in the Prayer for Relief below.

## COUNT II
## RETALIATION IN VIOLATION OF THE ELCRA

34.     Plaintiff incorporates by reference all allegations in the preceding paragraphs.

35.     At all material times, Plaintiff was an employee, and Defendant was his employer covered by, and within the meaning of, the ELCRA.

4

36.     A respondeat superior relationship existed because agents of Defendant had the ability to undertake or recommend tangible decisions affecting Plaintiff and the authority to direct all of Plaintiff's daily work activity.

37.     Defendant's conduct, as alleged herein, violated the ELCRA which makes it unlawful to retaliate against an employee who has engaged in protected activity.

38.     Plaintiff engaged in protected activity, as more fully laid out in the statement of facts, including, reporting to human resources the inappropriate harassing behavior by his co-workers and unfair treatment.

39.     Defendant, through its agents, had knowledge that Plaintiff engaged in protected behavior because he reported the issue directly to agents of Defendant.

40.     After Plaintiff engaged in protected activity, Defendant's agents thereafter took adverse employment actions against Plaintiff, as alleged in the statement of facts.

41.     Defendant and its agents' unlawful actions were intentional, willful, malicious and/or done with reckless disregard of Plaintiff's rights.

42.     Plaintiff notified Defendant and its agents of the unwelcomed conduct and communication; however, Defendant failed to remedy the same.

43.     As a proximate result of Defendant's discriminatory and retaliatory actions, Plaintiff has suffered losses in compensation, earning capacity, humiliation, mental anguish, and emotional distress.

44.     As a result of those actions and consequent harms, Plaintiff has suffered such damages in an amount to be proved at trial.

45.     Plaintiff requests relief as described in the Prayer for Relief below.

## COUNT III
### DISCRIMINATION ON THE BASIS OF RACE IN VIOLATION OF TITLE VII OF THE CIVIL RIGHTS ACT OF 1964, 42 U.S.C. 2000e et seq. ("Title VII")

46.     Plaintiff incorporates by reference all allegations in the preceding paragraphs.

47.     At all material times, Defendant was an employer and Plaintiff was an employee covered by, and within the meaning of, Title VII, as amended.

48.     Defendant's conduct, as alleged herein, violated Title VII of the Civil Rights Act of 1964, which makes it unlawful to harass or discriminate an employee on the basis of that employee's race.

49.     Plaintiff is an African American man, and, as a result, is a member of a protected class pursuant to Title VII.

50.     Plaintiff was subjected to offensive communication and/or conduct on the basis of his membership in this protected class.

51.     Defendant and its agents' unlawful actions were intentional, willful, malicious and/or done with reckless disregard for Plaintiff's rights.

52.     The unwelcomed conduct and communication was intended to and in fact did substantially interfere with Plaintiff's employment and created an intimidating, hostile, and/or offensive work environment as alleged in the statement of facts.

53.     As a proximate result of the Defendant's discriminatory actions, Plaintiff has suffered losses in compensation, earning capacity, humiliation, mental anguish, and emotional distress.

54.     As a result of those actions and consequent harms, Plaintiff has suffered such damages in an amount to be proven at trial.

55.     Plaintiff requests relief as described in the Prayer for Relief below.

## COUNT IV
### DISCRIMINATION ON THE BASIS OF RACE IN VIOLATION OF THE MICHIGAN ELLIOTT-LARSEN CIVIL RIGHTS ACT, MCL 37.2101 et seq. ("ELCRA")

56.     Plaintiff incorporates by reference all allegations in the preceding paragraphs.

57.     At all material times, Defendant was an employer and Plaintiff was an employee covered by, and within the meaning of, ELCRA.

58.     Defendant's conduct, as alleged herein, violated the ELCRA, which makes it unlawful to harass or discriminate an employee on the basis of that employee's race or skin color.

59.     Plaintiff is an African American man, and, as a result, is a member of a protected class pursuant to ELCRA.

60.     Plaintiff was subjected to offensive communication and/or conduct on the basis of his membership in this protected class.

61.     Defendant and its agents' unlawful actions were intentional, willful, malicious and/or done with reckless disregard for Plaintiff's rights.

62.     The unwelcomed conduct and communication was intended to and in fact did substantially interfere with Plaintiff's employment and created an intimidating, hostile, and/or offensive work environment as alleged in the statement of facts.

63.     As a direct and proximate result of the Defendant's wrongful acts and omissions, Plaintiffs have sustained loss of earnings, earning capacity, and fringe benefits and have suffered mental anguish, emotional distress, humiliation and embarrassment, and loss of professional reputation.

64.     Plaintiff requests relief as described in the Prayer for Relief below.

## COUNT V
## HOSTILE WORKPLACE ENVIRONMENT IN VIOLATION OF TITLE VII

65.     Plaintiff incorporates by reference all allegations in the preceding paragraphs.

66.     At all material times, Defendant was an employer and Plaintiff was an employee covered

        by, and within the meaning of, Title VII, as amended.

67.     A respondeat superior relationship existed because agents of Defendant had the ability to

        undertake or recommend tangible decisions affecting Plaintiff and the authority to direct

        all of Plaintiff's daily work activity.

68.     Defendant's conduct, as alleged herein, violated Title VII which makes it unlawful to

        create a work environment that a reasonable person would consider intimidating, hostile,

        or abusive.

69.     Plaintiff's work environment, as alleged in the statement of facts made it so any

        individual who reported or spoke out against Defendant's discriminatory practices had an

        unworkable work environment.

70.     Moreover, Plaintiff's continual attempts to have the situation remedied, coupled with

        Defendant's ability to accuse Plaintiff of misbehaving made the situation untenable.

71.     The communication and conduct were unwelcomed.

72.     The unwelcomed conduct and communication were intended to, or in fact did,

        substantially interfere with Plaintiff's employment, and created an intimidating, hostile.

        and offensive work environment, as alleged in the statement of facts.

73.     As a direct and proximate result of Defendant's discriminatory actions, Plaintiff has

        suffered losses in compensation, earning capacity, humiliation, mental anguish, and

        emotional distress.

74.     As a result of those actions and consequent harms, Plaintiff has suffered such damages in an amount to be proven at trial.

75.     Plaintiff requests relief as described in the Prayer for Relief below.

## COUNT VI
## HOSTILE WORKPLACE ENVIRONMENT IN VIOLATION OF THE ELCRA

76.     Plaintiff incorporates by reference all allegations in the preceding paragraphs.

77.     At all material times, Plaintiff was an employee, and Defendant was his employer covered by, and within the meaning of, the ELCRA.

78.     A respondeat superior relationship existed because agents of Defendant had the ability to undertake or recommend tangible decisions affecting Plaintiff and the authority to direct all of Plaintiff's daily work activity.

79.     Defendant's conduct, as alleged herein, violated the ELCRA which makes it unlawful to create a work environment that a reasonable person would consider intimidating, hostile, or abusive.

80.     Plaintiff's work environment, as alleged in the statement of facts made it so any individual who reported or spoke out against Defendant's discriminatory practices had an unworkable work environment.

81.     Moreover, Plaintiff's continual attempts to have the situation remedied, coupled with Defendant's ability to ignore Plaintiff's grievances made the situation untenable.

82.     Additionally, Defendant's treated female employees, and Plaintiff, in a hostile, intimidating, and offensive way.

83.    The unwelcomed conduct and communication was intended to, or in fact did, substantially interfere with Plaintiff's employment, and created an intimidating, hostile, or offensive work environment, as alleged in the statement of facts.

84.    As a direct and proximate result of Defendant's discriminatory actions, Plaintiff has suffered losses in compensation, earning capacity, humiliation, mental anguish, and emotional distress.

85.    As a result of those actions and consequent harms, Plaintiff has suffered such damages in an amount to be proven at trial.

86.    Plaintiff requests relief as described in the Prayer for Relief below.

## RELIEF REQUESTED

PLAINTIFF, CONTONNIA M. TURNER, respectfully requests that this Honorable Court enter judgment against Defendant as follows:

1. Compensatory damages in whatever amount to which Plaintiff is entitled;
2. Exemplary damages in whatever amount which Plaintiff is entitled;
3. An award of lost wages and the value of fringe benefits, past and future;
4. An award of interest, costs, and reasonable attorney fees; and
5. An order awarding whatever other equitable relief appears appropriate at the time of final judgment.

Dated:  June 15, 2023                          Respectfully Submitted,

CARLA D. AIKENS, P.L.C.

/s/ Carla D. Aikens
Carla D. Aikens (P69530)
Tasha Brownlee (P84359)
615 Griswold St., Ste. 709
Detroit, MI 48226
carla@aikenslawfirm.com
tasha@aikenslawfirm.com
*Attorneys for Plaintiff*